**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Alexander Perez,

Plaintiff(s),

v.

Nevada Department of Corrections, et al.,

Defendant(s).

Case No. 2:25-cv-01003-CDS-NJK

**ORDER**

[Docket No. 13]

This is a *pro se* prisoner civil rights case. On May 26, 2026, Deputy Attorney General John Regalia filed a document captioned as "**NOTICE OF ACCEPTANCE OF SERVICE**" that he docketed as an "ACCEPTANCE OF SERVICE." Docket No. 13 (emphasis in original). Hence, the docket on its face indicates that service is not at issue and CMECF created an answer deadline for Defendant Gonzales of July 25, 2026. *See id.* (docket text). Unfortunately, this document's substance is in actuality the opposite: service was <u>not</u> being accepted. *See* Docket No. 13 at 1. As a threshold matter, the Court reminds DAG Regalia that he is responsible for correctly captioning and docketing his filings. *See, e.g.*, Local Rule IC 2-2(c). One also suspects that the filing snafu may have confused Plaintiff given that it appears from the docket that service is not at issue and Defendant Gonzales would be responding to the complaint. Accordingly, the Court hereby **RESETS** the service deadline. Service must be perfected within 90 days of the issuance of this order. The Court also reiterates as follows: "For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant(s)." Docket No. 12 at 2.

IT IS SO ORDERED.

Dated: October 6, 2026

Nancy J. Koppe
United States Magistrate Judge